**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JOEY THOMAS, #326982,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 21-cv-00162-JPG |
| ) | |
| **RICHARD WATSON,** ) | |
| **TRINITY SERVICE GROUP,** ) | |
| **and DAVID MARCOWITZ,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Joey Thomas, an inmate at St. Clair County Jail ("Jail"), filed this action pursuant to 42 U.S.C. § 1983.[1] (Docs. 2, 2-1, and 2-2). In the Complaint, he challenges the unconstitutional conditions of his confinement at the Jail. (Doc. 2, pp. 10-12). Plaintiff seeks money damages from the defendants. (*Id*. at 13).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] On February 11, 2021, this case was severed from a civil rights action filed by thirteen inmates at St. Clair County Jail. *See Brown v. Watson, et al.*, No. 21-cv-138-JPG (S.D. Ill. filed Feb. 9, 2021).

## The Complaint

According to the allegations in the Complaint, Plaintiff has been subjected to unconstitutional conditions of confinement at the Jail. (Doc. 2, pp. 11-12; Doc. 2-2, pp. 28-30). Sheriff Richard Watson allows detainees to purchase and smoke e-cigarettes, despite a general prohibition against smoking. E-cigarettes are available for purchase at the Trinity Services Group (TSG) Commissary. Plaintiff claims that his direct and secondhand exposure to e-cigarette smoke has caused him to develop migraines, sinus infections, breathing problems, tinnitus, dental infections, and high blood pressure. He also blames secondhand vapor for the transmission of coronavirus at the Jail. He alleges that poor ventilation, overcrowding, and communal living have likewise contributed to the spread of the virus. (*Id*.).

Plaintiff reported his symptoms to Dr. Marcowitz and requested COVID-19 testing. The doctor denied several of his requests for testing. Eventually, Plaintiff tested positive. Nurses did not conduct regular temperature checks or provide medication for these symptoms. (*Id*.).

At the time, Plaintiff was housed in AA-Block, where he was forced to sleep on the floor with insects, black mold, and COVID-positive inmates. Sheriff Watson, the Jail Administration/Staff, Jail Nurses, and Dr. Marcowitz took inadequate steps to prevent, diagnose, and contain the virus. Jail staff were provided with masks and gloves to prevent infection, but inmates were not. Incoming inmates were not tested for COVID-19, separated from one another, or allowed to use protective gear. As a result, there was an outbreak. As of January 2021, Plaintiff alleges that a total of three hundred inmates (300) have tested positive for the virus, and three (3) have died from COVID-19. (*Id*.).

**Preliminary Dismissals**

Plaintiff refers to "Jail Administration/Staff" and "Jail Nurses" in the statement of his claim. The Court will not treat these groups of individuals as defendants. For one thing, Plaintiff does not name them as defendants in the case caption, so the Court will not add them to this action. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption"). Moreover, Plaintiff cannot state a claim against any particular individual under Section 1983 by referring to nebulous groups in the case caption or statement of his claim. (Doc. 2, pp. 11-12; Doc. 2-2, pp. 28-30). Plaintiff must refer to each defendant individually in the case caption and throughout the Complaint. The "Jail Administration/Staff" and "Jail Nurses" are not considered part of this action.

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated counts:

> **Count 1:** Fourteenth or Eighth Amendment claim against Sheriff Watson and TSG Commissary for instituting a policy, custom, or practice of allowing e-cigarettes at the Jail.
>
> **Count 2:** Fourteenth or Eighth Amendment claim against Sheriff Watson for subjecting Plaintiff to unconstitutional conditions of confinement, including exposure to e-cigarette smoke, overcrowding, insects, and mold.
>
> **Count 3:** Fourteenth or Eighth Amendment claim against Sheriff Watson and Dr. Marcowitz for exposing Plaintiff to conditions of confinement that posed a substantial risk of serious harm caused by the novel coronavirus, including exposure to COVID-positive inmates, denial of protective gear, and denial of adequate testing for the virus.
>
> **Count 4:** Fourteenth or Eighth Amendment claim against Dr. Marcowitz for denying Plaintiff adequate medical care for symptoms of COVID-19 following Plaintiff's development of symptoms.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### Counts 1 through 4

The applicable legal standard for Plaintiff's claims depends on his status as a pretrial detainee or convicted prisoner at the time his claims arose. The Fourteenth Amendment's objective unreasonableness standard governs a pretrial detainee's claims for unconstitutional conditions of confinement and denial of medical care. *See Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019) (conditions of confinement claim); *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018) (denial of medical care). The Eighth Amendment standard governs the same claims brought by a convicted person and requires a showing of a sufficiently serious deprivation (an objective standard) and deliberate indifference by each defendant (a subjective standard). *See Hardeman*, 933 F.3d at 822 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To state a claim under either amendment, Plaintiff must set forth allegations demonstrating each defendant's personal involvement in a constitutional deprivation. *West v. Atkins*, 487 U.S. 42 (1988). Plaintiff has satisfied these requirements in connection with each claim above, by setting forth allegations which suggest that each defendant acted objectively unreasonable or deliberately indifferent to the conditions of his confinement and/or medical condition. Accordingly, Counts 1 through 4 shall receive further review against the defendants named in connection with each claim. Plaintiff's exact legal status and the applicable legal standard for each claim can be sorted out as the case proceeds.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") requires a prisoner-plaintiff to properly exhaust all available administrative remedies *before* filing a lawsuit to address his claims in federal court. *See* 42 U.S.C. § 1997e. The PLRA makes exhaustion a precondition to suit. *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002). Although exhaustion is an affirmative defense and not a pleading requirement, *Jones v. Bock*, 549 U.S. 199, 211-12, 215 (2007), Plaintiff must demonstrate exhaustion of all available administrative remedies in order to survive summary judgment on the issue of exhaustion. If Plaintiff did not exhaust his available administrative remedies at the Jail before bringing this action, his unexhausted claims will be dismissed without prejudice, and he may file a new suit to address the claims once he properly exhausts (if there is still time to do so before the 2-year statute of limitations expires).

Plaintiff includes copies of complaint / request forms from other inmates (Inmates Hollins, Hoffman, Taylor, Shelton) as exhibits to the Complaint. (*See* Doc. 2-1, pp. 1-5). Although Plaintiff was not required to plead exhaustion or to attach copies of his grievances to the Complaint, the Court notes that there are no complaints, requests, or grievances from him among the exhibits. Plaintiff should be aware that *he* must exhaust all available administrative remedies for each of his claims against the defendants before bringing suit under the PLRA.

### Recruitment of Counsel

Plaintiff's Motion for Recruitment of Counsel (Doc. 8) is **DENIED**. Although there is no constitutional or statutory right to counsel in federal civil cases, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013); *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). The Court must consider whether the indigent plaintiff has made reasonable attempts

to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655).

Plaintiff has not demonstrated any efforts to find an attorney on his own before seeking the Court's help. (Doc. 8). It appears that he omitted this page from his motion. (*Id.*). In order to demonstrate reasonable efforts, Plaintiff should contact three or more attorneys or law firms by phone or in writing to request representation in this case. He should then attach copies of the written correspondence with the attorneys to his next motion. Alternatively, he may provide a list of attorneys or firms he called, the date of each contact, and the response he received. At this stage, however, Plaintiff does not require an attorney to represent him. The case has just been screened. Defendants have not been served with this lawsuit or answered the Complaint. No scheduling order is in place. Given his demonstrated ability to litigate this matter so far, the Court deems it unnecessary to recruit counsel at this time. As the case progresses, Plaintiff may renew his request by filing a new motion for recruitment of counsel.

### Disposition

**IT IS ORDERED** that the **COMPLAINT** (**COUNTS 1, 2, 3,** and **4**) survives screening under 28 U.S.C. § 1915A, as follows:

- **COUNT 1** against **RICHARD WATSON** and **TRINITY SERVICE GROUP**;
- **COUNT 2** against **RICHARD WATSON**;
- **COUNT 3** against **RICHARD WATSON** and **DR. MARCOWITZ**;
- **COUNT 4** against **DR. MARCOWITZ**.

Because one or more claims involve the alleged denial of medical care, the Clerk's Office

is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

With respect to **COUNTS 1, 2, 3** and **4**, the Clerk of Court shall prepare for Defendants **RICHARD WATSON, TRINITY SERVICE GROUP,** and **DR. DAVID MARCOWITZ**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Memorandum and Order Severing Case (Doc. 1), Complaint (Docs. 2, 2-1, and 2-2), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is filed and granted. 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:**     **April 6, 2021**                    /s/ *J. Phil Gilbert*
                                                                        **J. PHIL GILBERT**
                                                                        **United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more.  When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**